51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jim HOUSLEY, Petitioner-Appellant,
v.
John MANN, District Attorney or Sheriff of Lipscomb County,
Respondent-Appellee.
 No. 94-7041.
(D.C. No. CV-93-115)
 United States Court of Appeals, Tenth Circuit.
 April 5, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Petitioner Jim Housley, appearing pro se, appeals the district court's dismissal of his 28 U.S.C. 2241 petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. 1291 and 2253, and we affirm.
 
 
 2
 On appeal, Petitioner argues Respondent violated the Interstate Agreement on Detainers Act ("The Act"), Okla. Stat. Ann. tit. 22, 1345, 1347, because Respondent failed to extradite him to Texas within the 180-day time period specified in Article III(a) of The Act. The district court dismissed Petitioner's 2241 petition because Petitioner admitted he had not filed a written request for a final disposition of the charges against him as required by Article III(a) of The Act.[3] See Fex v. Michigan, 113 S.Ct. 1085, 1089-90 (1993) (petitioner must deliver written notice of place of imprisonment and request for final disposition before 180 day period is triggered).
 
 
 3
 We have reviewed the record before us, including the parties briefs. We find no reversible error.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Article III(a) of The Act provides:
 Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court ... written notice of the place of his imprisonment and his request for final disposition to be made of the indictment, information or complaint ....
 Okla. Stat. Ann. tit. 22, 1347, Article III(a) (emphasis added).